SHEPHERD, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment.
I agree with the majority that Brunsting provided more than a “mere scintilla” of evidence on causation, see supra at 822 (citing Anderson, 477 U.S. at 252, 106 S.Ct. 2505), such that summary judgment in favor of Lutsen was inappropriate, and I concur in the majority’s remand of this case. However, I disagree with the majority’s determination that the district court abused its discretion in holding that Christiansen’s statement was not an excited utterance under Federal Rule of Evidence 803(2). Thus, I respectfully dissent from Part II.A of the majority’s opinion.
To qualify as an excited utterance under Rule 803(2), a hearsay statement’s proponent must prove: “(i) that the statement was in reaction to a truly startling event; (ii) that the statement was made under the stress of excitement caused by that event; and (in) that the statement relates to the event.” Weissenberger & Duane, supra, § 803.8. The majority correctly notes that our review of evidentiary issues decided by the district court is limited and that we review those decisions only for an abuse of discretion, even at the summary judgment stage. See supra at 818 (citing Morgan, 380 F.3d at 467; Yates, 267 F.3d at 802). However, the majority departs from this clear standard and improperly engages in a de novo review of the district court’s decision.
Under an abuse of discretion standard of review, “[w]e are not to substitute our judgment for that of the district court.” United States v. Iron Shell, 633 F.2d 77, 86 (8th Cir.1980). It has often been noted that “[a] district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.” United States v. Abel, 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984); see also Control Data Corp. v. Int’l Bus. Machs. Corp., 421 F.2d 323, 326 (8th Cir.1970) (“It should be remembered that a trial court has a great latitude in ruling on the admissibility of evidence.”); Burger Chef Sys., Inc., v. Govro, 407 F.2d 921, 930 (8th Cir.1969) (“The discretion of the trial court in the admission of evidence, when exercised within normal limits, should not be disturbed on appeal.”). In deciding evidentiary issues, the district court “has a ‘range of choice, and ... its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.’ ” Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir.2004) (quoting Verizon Commc’ns, Inc. v. Inverizon Int’l, Inc., 295 F.3d 870, 873 (8th Cir.2002)).
Contrary to the majority, I can find no mistake of law in the district court’s evidentiary decision. The district court correctly noted the factors used in determining whether a statement qualifies as an excited utterance, see Brunsting, Civ. No. 07-4192, 2008 WL 5432266, at *3 (citing Wilcox, 487 F.3d at 1170), and applied those factors, noting that “[t]he alleged statement was made four to five minutes after the accident took place, and was made in response to Benson’s inquiry!,]” id. at *3, “there is no evidence that Chris *824 tiansen was ... acting as if she was in such a state as to be unable to falsify!,]” id., and “Christiansen had no connection to Brunsting which may lead to a strong emotional response to his unfortunate circumstances!,]” id. at *4.[7] While clearly there was also evidence tending to support Brunsting’s argument that Christiansen’s statement was an excited utterance, see supra at 818-20, the majority’s mere disagreement with the way the district court weighed this evidence does not amount to an abuse of discretion. Because the district court is in the best position to rule on the admissibility of evidence, we have historically avoided engaging in a de novo review of a district court’s evidentiary rulings, see Iron Shell, 683 F.2d at 86, and we should do so here.
Because the district court did not commit “a clear error of judgment in weighing the facts on the basis of the record before it,” Boswell, 270 F.3d at 1204, I would uphold the court’s evidentiary ruling that Christiansen’s statement does not qualify as an excited utterance. Therefore, I respectfully dissent from Part II.A of the majority’s opinion. Because I agree that, even without this evidence, Brunsting presented sufficient evidence to defeat summary judgment, I concur in the remainder of the majority’s opinion and in the judgment.

. In his reply brief, Brunsting argued that Christiansen's "statement was made contemporaneously with the latter, truly startling event, which was her immediate presence at the chaotic scene of a dire emergency....” (Appellant's Reply Br. 6.) The majority seizes on this argument and holds that the district court's failure to define the "event” as Christiansen's "witnessing a near-fatal traumatic accident from the chairlift and immediately rushing to the scene where Brunsting was unconscious, bleeding from the mouth, turning blue and believed to be near death, as others tried to stabilize him until medical assistance arrived!,]” supra at 818, constitutes an abuse of discretion. According to the majority, Christiansen's statement was actually made contemporaneously with the event, because the event lasted at least as long as it took Christiansen to make her statement. First, I believe such an open-ended definition of the "event” goes beyond what Rule 803(2) intends. The "event,” for purposes of Rule 803(2), must have some ending, and the most logical place for that ending is with the event that caused Brunsting's injury, i.e., when he struck the tree. This is supported by the content of Christiansen's statement, which relates not to Brunsting’s condition, but rather to the cause of the accident itself. Second, it is unclear whether Brunsting made this argument in the trial court, as the argument was raised for the first time before us in Brunsting's reply brief. As such, we need not address it. See United States v. Barraza, 576 F.3d 798, 806 n. 2 (8th Cir.2009). Finally, even if the "event” is properly understood to last at least until Christiansen made her statement, I do not believe that the district court's contrary determination constitutes an abuse of discretion.